

# ORDERED in the Southern District of Florida on August 19, 2011.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  CASE NO. 11-29811-BKC-AJC
  CHAPTER 13
JULIO A. ABRAHAM,

  Debtors.
_____/

### ORDER DENYING EMERGENCY MOTION TO EXTEND AUTOMATIC STAY

THIS CAUSE came before the Court upon the *Emergency Motion to Extend Automatic Stay Pursuant to §362(e)(3)(B) and Notice of Hearing Requested* (DE 19). The Court has reviewed the motion and, based upon its untimely filing, denies same as moot.

Section 362(c)(3)(B) of the Bankruptcy Code states:

3) if a single or joint case is filed by or against a debtor
who is an individual in a case under chapter 7, 11, or 13, and if
a single or joint case of the debtor was pending within the
preceding 1-year period but was dismissed, other than a case
refiled under a chapter other than chapter 7 after dismissal
under section 707(b) -

    (A) the stay under subsection (a) with respect to any action
    taken with respect to a debt or property securing such debt or
    with respect to any lease shall terminate with respect to the
    debtor on the 30th day after the filing of the later case;

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, *the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose)* ***after notice and a hearing completed before the expiration of the 30-day period*** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed

(Emphasis added).

The emergency motion in this case was filed after business hours on August 17, 2011, the thirtieth (30th) day following the filing of the petition commencing this case. The Court first learned of the filing of the emergency motion on the morning of August 18, 2011, the day after the stay had already expired. Due to the belated and untimely filing of the motion, there was no opportunity for the Court to set and a conduct a hearing before the expiration of the 30-day period. The filing of the motion, at the time the Debtor filed the motion, was an act of futility. Accordingly, it is

**ORDERED** that the *Emergency Motion to Extend Automatic Stay Pursuant to §362(e)(3)(B) and Notice of Hearing Requested* (DE 19) is DENIED as moot.

###

COPIES FURNISHED TO:

Jorge Suarez, Esq.
Debtor
Trustee

Attorney Suarez is directed to serve a conformed copy of this order upon all interested parties immediately upon receipt of same and shall thereupon file a certificate of service of same.